[No. 3,200.]

## PETER DAVERKOSEN *v.* JOHN W. KELLEY.

STIPULATION AS TO REFERENCE OF CAUSE.—When a case has, by the stipulation of the parties, been referred to a referee, and he reports a judgment which is entered, and the Court grants a new trial, it cannot, without a new consent of the parties, again refer the case to the same or any other referee. Upon the report of the referee, and the entry of the judgment, the stipulation ceased to have further effect.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The facts are stated in the opinion.

*James Mee,* for Appellant.

A new trial is a reëxamination of an issue of fact in the same Court (not before a referee), after a trial and decision by a jury, Court, or referee. (Prac. Act, Sec. 192.)

*Howe & Rosenbaum,* for Respondent.

By the Court, Niles, J.:

This was an action for goods sold and delivered. By stipulation of parties the cause was referred to a referee, "to take the evidence and report a judgment." The referee subsequently reported a judgment in favor of the plaintiff for the full amount of his claim. The defendant then filed his statement, and moved for a new trial, and a new trial was granted. Upon motion of the plaintiff, and against the objection of the defendant, the cause was again referred to the same referee, to take the testimony and report a judgment. The defendant appeals from the final judgment rendered upon the second report of the referee, and assigns the last order of reference as error.

The point is well taken. Prior to the last order the referee had taken the testimony and reported a judgment. The powers conferred by the stipulation were then exhausted. When the new trial was granted the parties were restored to the position which they occupied when the issues were originally made. Either party could then demand a trial by jury, or object to a reference, which, in an action at law, can only be made by mutual consent.

Judgment reversed, and cause remanded for a new trial.